# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AURORA VALENZUELA,<br><br>         Plaintiff,<br><br>    vs.<br><br>CULINARY TRAINING ACADEMY d/b/a<br>NEVADA PARTNERS, INC., a Nevada Non-<br>Profit corporation; SOUTHERN NEVADA<br>JOINT MANAGEMENT CULINARY &<br>BARTENDERS TRAINING FUND d/b/a<br>CULINARY TRAINING ACADEMY;<br>STEVEN HORSFORD, an individual; ARRITA<br>PETERSON, an individual; MONICA FORD,<br>an individual; YVETTE THOMAS, an<br>individual; ROE business organizations I-X;<br>DOE INDIVIDUALS I-X,<br><br>         Defendants. | Case No.: 2:10-cv-02012-RLH-PAL<br><br>**O R D E R**<br><br>(Motion to Dismiss–#27;<br>Motion to Dismiss–#28) |

Before the Court is Defendants Southern Nevada Joint Management Culinary & Bartenders Training Fund d/b/a Culinary Training Academy ("Academy"), Steven Horsford, Irrita Peterson (erroneously named as "Arrita Peterson" in the complaint), Monica Ford, and Yvette Thomas' **Motion to Dismiss** (#27, filed Jan. 21, 2011) for failure to state a claim. The Court has also considered Plaintiff Aurora Valenzuela's Opposition (#31, filed Feb. 7, 2011), and

1

AO 72
(Rev. 8/82)

1  Defendants' Reply (#36, filed Feb. 16, 2011). Defendant Nevada Partners, Inc., also joined this
2  motion. (#28, filed Jan. 24, 2011).
3        Also before the Court is Defendant Nevada Partners, Hosford, Ford, and Thomas'
4  **Motion to Dismiss** (#28, filed Jan. 24, 2011) for failure to state a claim. The Court has also
5  considered Valenzuela's Opposition (#32, filed Feb. 10, 2011), and Defendants' Reply (#37, filed
6  Feb. 22, 2011).

## BACKGROUND

8        This case arises out of Valenzuela's allegations that she was fired for taking
9  protected leave under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").
10 Valenzuela was a Housekeeping Instructor at the Academy and had previously received approval
11 from the Academy to take intermittent FMLA leave due to a chronic spinal condition. On
12 February 8, 2010, Valenzuela notified her supervisor, Peterson, that she was taking FMLA leave
13 on February 9th and 10th for a surgical procedure. Valenzuela provided a doctor's note to
14 Peterson stating that Valenzuela was scheduled for this procedure on the 9th. Valenzuela was also
15 scheduled for FMLA leave on the 11th. On the 11th, Valenzuela called in to request the 12th off
16 for another medical appointment as well, which her supervisor approved. Sometime after calling
17 in, Valenzuela was informed that she had been fired for a "no call/no show" on the 10th because
18 she did not qualify for FMLA leave on the 10th.
19       On October 18, Valenzuela filed suit in Eighth Judicial District Court for the State
20 of Nevada for violation of the FMLA. Defendant Nevada Partners timely removed the case to this
21 Court on November 17. Now before the Court are two separate motions to dismiss. The Academy
22 along with each of the individual Defendants filed the first, and Nevada Partners and those
23 individual Defendants with a relationship to Nevada Partners filed the second. For the reasons
24 discussed below, the Court grants Defendants' first motion in part and denies it in part and grants
25 Defendants' second motion.
26 /

2

AO 72
(Rev. 8/82)

**DISCUSSION**

**I.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

The "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached'" to the pleading, may be considered in

3

1  ruling on a Rule 12(b)(6) motion to dismiss. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970,

2  986 (9th Cir. 2002) (superseded by statute on other grounds) (quoting *Branch v. Tunnell,* 14 F.3d

3  449, 454 (9th Cir. 1994)).  Accordingly, the Court may and shall consider the doctor's note alleged

4  in Valenzuela's complaint but only attached to Defendants' motion.  (Dkt. #27, Ex. A.)

5  Also, "on a motion to dismiss a court may properly look beyond the complaint to

6  matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary

7  judgment." *Mack v. South Bay Beer Distribs., Inc*., 798 F.2d 1279, 1282 (9th Cir. 1986).

8  Valenzuela thus argues that the Court may take judicial notice of documents attached to her

9  withdrawn opposition to Nevada Partners' withdrawn motion for summary judgement.  (Dkt.

10  ##15, 5.)  However, this is not the type of public record subject to judicial notice as it is merely

11  proposed evidence for a different type of motion.  The Court could take judicial notice that

12  Valenzuela filed the documents, but not of their contents for the purposes of a Rule 12(b)(6)

13  motion.  Thus, the Court shall not consider these exhibits.

14  **II.**     **Analysis**

15      **A.**     **The Academy**

16  The FMLA "prohibits an employer from discriminating or retaliating against an

17  employee or prospective employee for having exercised or attempted to exercise FMLA rights."

18  29 C.F.R. § 825.220(c).  Thus, under § 2615(a)(1) of the FMLA, it is unlawful for an employer to

19  "'use the taking of FMLA leave as a negative factor in employment actions, such as hiring,

20  promotions or disciplinary actions.'" *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112 (9th Cir.

21  2001) (quoting 29 C.F.R. § 825.220(c)); *see also Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1133

22  n.7 (9th Cir. 2003).

23  The Academy argues that Valenzuela's complaint shows that she was not entitled to

24  FMLA leave on February 10th because her doctor's note said that the surgery was on the 9th and

25  her discharge instructions said that she should "cautiously resume her normal activities" the

26  following day.  This, the Academy concludes, means that Valenzuela should have shown up for

AO 72
(Rev. 8/82)

work on the 10th as she was not entitled to FMLA leave that day. However, Valenzuela actually alleges that she was instructed to "cautiously resume her normal activities or relax for the first 24 hours if she felt weak or tired and to not operate a vehicle for at least 24 hours." (Dkt. #6, Am. Compl. ¶ 18.) Thus, Valenzuela has properly alleged that she was entitled to FMLA leave as the Academy previously approved her condition as a serious health condition under the FMLA and it seems likely that she needed to stay home the following day to recover from a procedure she was familiar with as she had undergone the procedure multiple times in the past. As such, the Court declines to dismiss the claim against the Academy at this stage of the proceedings.

### B. Other Defendants

Valenzuela also alleges her FMLA claim against multiple individuals and Nevada Partners. However, Valenzuela does not include any facts in her amended complaint showing that Nevada Partners is a joint employer with the Academy as she claims or that the individual Defendants could be held liable. Nonetheless, Valenzuela claims that she should be permitted discovery to find facts showing that these Defendants are in someway liable under the FMLA. *Iqbal* and *Twombly* prohibit such fishing expeditions. If, however, Valenzuela uncovers further facts in discovery for her claim against the Academy, she may of course seek leave to amend her complaint by adding any defendants against which she finds sufficient evidence to properly plead a claim. Since Valenzuela has failed to state a claim against any Defendant except the Academy, the Court dismisses each of the other Defendants.

/
/
/
/
/
/
/

5

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#27) is GRANTED in part and DENIED in part as follows:

- The individual Defendants Horsford, Peterson, Ford, and Thomas are dismissed.
- The claim against the Academy remains.

IT IS FURTHER ORDERED that Defendants Motion to Dismiss (#28) is GRANTED.

Dated: June 29, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**